UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARION KEITH NICHOLS
PETITIONER, PRO SE
                            3:23-CV-756-MMH-LLL
    V.

SECRETARY DEPARTMENT
OF CORRECTIONS
RESPONDENT

MOTION FOR SUMMARY JUDGEMENT.

On Friday 06 June 2025 this Honorable Court denied, without prejudice, this Petitioner's opposed motion requesting an evidentiary hearing in this cause. Here the Petitioner argues there is no genuine issue of material fact precluding this court from granting summary judgement in the Petitioner's favor as a matter of law.

In opposition to Petitioner's motion for evidentiary hearing, (DOC #15), the Respondent provided:

(A) FEDERAL HABEAS RELIEF CANNOT BE GRANTED UNLESS THE ADJUDICATION OF THAT CLAIM RESULTED IN A DECISION CONTRARY TO OR INVOLVING AN UNREASONABLE APPLICATION

(1)

OF FEDERAL LAW, 2254(d)(1), OR

(B) RESULTED IN A DECISION BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS, 2254(d)(2).

(C) PROVIDING YOUR REVIEW IS STRICTLY LIMITED TO THE RECORD WHICH WAS BEFORE THE STATE COURT.

(D) WHILE ALSO CLAIMING THREE TIMES THE PETITIONER'S CLAIM HAD BEEN ADJUDICATED ON THE MERITS DURING THE STATE COURT PROCEEDINGS.

PREVIOUSLY, IN RESPONSE TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, (DOC #7), THE RESPONDENT PROVIDED:

(A) YOUR AUTHORITY TO ISSUE THE WRIT IS PRESERVED WHERE THERE IS NO POSSIBILITY FAIRMINDED JURIST COULD DISAGREE THAT THE STATE COURT'S DECISION CONFLICTS WITH UNITED STATES SUPREME COURT PRECEDENT, (PAGE 30)

(B) FURTHER PROVIDING THE STATE APPELLATE COURT HELD A DUTY TO REVIEW THE RECORD FOR PLAIN ERRORS, EVEN THOSE <u>NOT DIRECTLY RAISED BY THE DEFENDANT</u>, (PAGE 49).

IN SHORT, RESPONDENT PROVIDES THE PETITIONER MUST DEMONSTRATE PLAIN ERROR IN THE STATE

(2)

COURT PROCEEDING

In this regard, petitioner demonstrated, through the record:

(A) Det. Ellis committed a Franks violation by omitting significant material facts from the affidavit authorized Wednesday 26 July 2017, (R900-R918).

(1) Det. Ellis met with Dr. Alexander Tuesday 18 July 2017, providing Dr. Pena and Dr. Alexander reviewed the same images used in the probable cause determination, (R281: 14-21).

(2) Det. Ellis confirms Dr. Alexander's opinion conflicted with Dr. Pena's, (R467:24 - R468:06) and (R486:24 - R487:09).

(3) Omitting Dr. Alexander's conflicting opinion from the affidavit submitted Wednesday 26 July 2017, (R900-R918).

The facts on this point are clearly demonstrated, the record establishing Det. Ellis' reckless disregard for the truth. You are allowed to infer he intended to misrepresent this fact. Further, it impinges statements Det. Ellis attributes to Dr. Pena on this issue in every affidavit

(3)

(B) Images Det. Ellis describes in affidavits for both search warrants do not provide a substantial basis for a probable cause determination, providing as follows:

(1) Det. Ellis did not possess these images, claiming to have viewed them briefly on Friday 26 May 2017.

The 11th Circuit does not require actual images be submitted in the warrant application process so long as the affidavit contains particularized descriptions of the images they hold in hand supporting the probable cause determination. United States v. Sparks, 806 F.3d 1323, 1337-38 (11th Cir 2015).

While the United States Supreme Court holds wholly conclusory statements are not adequate to provide a substantial basis for a probable cause determination, Illinois v. Gates, 103 S.Ct. 2317, 76 L.Ed.2d 213 (1983)

(2) The conclusory nature of his statements is demonstrated by comparing the affidavit statements, (R910), to his testimony at the suppression hearing, (R460:05 - R462:11).

(4)

(3) Consider also, Det. Ellis did not provide particularized descriptions of the images he claims to have shown Dr. Pena and Dr. Alexander, which he clearly claimed to possess.

(4) The key factor is, Det. Ellis would testify that, at the conclusion of the interview where he claims Mr. Nichols showed him these images, he did not have probable cause to arrest Mr. Nichols or to seize his electronic device. (R463: 12-20).

(c) The court is advised, statements by Rebecca Lynn Shead, the original informant, cannot provide any weight to the probable cause determination demonstrated as follows:

(1) Det. Ellis identifies Ms. Shead as the informant submitting the Cyber Tip to the National Center for Missing and Exploited Children, (NCMEC), (R472: 07-22)

(2) She would tell Det. Ellis she never saw any images, stating instead she was told about them by Matthew Permenter, (R473: 12-22)

(3) Det. Ellis would not interview Mr. Permenter until after both search warrants had been executed, this was Tuesday 01 August 2017. (R457: 05-08)

(5)

(4) In Police reports Det. Ellis listed Mr. Parmenter as N.O.␣., testifying this meant no other information, (R474: 12-18), it is actually police jargon for NOT OF INTEREST, demonstrated by the fact Det. Ellis testified Ms. Shedd provided him sufficient information to locate Mr. Parmenter, (R473: 23 - R474: 08) and (R474: 19-25)

(5) When interviewed 01 August 2017 and when deposed Friday 11 May 2018, Mr. Parmenter denied ever seeing such images in Mr. Nichols' possession, (R438: 16-22) and (R530: 02 - R532: 20).

(6) Det. Ellis stated in both affidavits NCMEC confirmed five hash values taken from images on the 3.5 inch computer discs, these being the same images he claims Dr. Alexander and Dr. Pena reviewed, images used in the probable cause determination, (R911). At the suppression hearing Det. Ellis testified NCMEC did not recognize any of the hash values, (R469: 09-12) and (R485: 23 - R486: 07), demonstrating false statements in both affidavits.

(E) 28 U.S.C. 2254 (d)(8) provides the statutory presumption of correctness does not apply if such factual

(6)

determination is not fairly supported in the record.

The petitioner provided examples of multiple ambiguities in the record demonstrating the trial court's sole factual determination from the suppression hearing is not fairly supported by the record.

The specific details, covered in previous pleadings, will not be repeated here. It is sufficient to say a full reading of transcripts provided in the record shows the police narrative was more contrived than any act on the Gong Show, actually violating the laws of nature.

(F) The trial court was made aware of the Franks violation, defense counsel making a prima facie showing of the elements in closing at the suppression hearing. (R537:25 - R539:03)

Opposing Petitioner's motion for evidentiary hearing, (Doc#15/Pg#2) the respondent cited United States Supreme Court ruling from Cullen v. Pinholster, 536 U.S. 170, 181 (2011), stating:

"As explained by the Supreme Court, 'review under 2254(d)(1) focuses on what the state court knew and did.'"

(7)

What the state court knew is Det. Ellis committed a Franks violation, (R538:08-R539:03). What the state court did was ignore it, (R548-R554).

This was not lost on the state court during post-conviction proceedings, (R686:07-R687:08), also being sufficiently articulated on appeal to the 5th DCA.

There are no magic words Mr. Nichols was required to recite to secure a reasonable expection of fairness, no sacred rituals. Those are encompassed solely in the oaths taken by each officer of the court, embodied as they are, in the ABA code of conduct.

The material omission allows you to infer Det. Ellis intended to misrepresent this fact in the affidavits for both search warrants, while the 11th circuit court of appeals provides supplying false information in an affidavit violates the Fourth Amendment, Blackshear v. City of Miami Beach, 799 F. Supp. 1338 (2011)

Omission of this significant material fact was simply ignored by Judge Skinner, failing to develop this fact violates United States Supreme Court precedent from Crawford v. Washington, 124 S. Ct. 1354,

(8)

541 U.S. 36, 158 L.Ed.2d 177 (2004), holding:

"A mere judicial determination regarding the reliability of evidence is no substitute for the constitutionally proscribed method of assessing reliability."

This is no mere dicta as SCOTUS reaffirmed in Hemphill v. New York, 595 U.S. 140 (2022) stating:

"If the Crawford analysis stands for anything, it is that history, text and purpose of the Confrontation Clause bars judges from substituting their own determination for the method the Constitution guarantees."

The burden of producing its witnesses falls on the government, not the defense. Smith v. Arizona, 144 S.Ct. 785 (2024).

As the State failed to properly disclose Dr. Pena or Dr. Alexander as expert witnesses during the state discovery process, (R581-R582), Rule 26 Federal Rules of Evidence, prohibits any testimony or statements by either doctor which draws on their specialized training, knowledge or experience, resulting in the following effects:

(A) Beyond the Franks violation, the testimonial hearsay statements Det. Ellis

(9)

attributes to Dr. Pena, in both affidavits becomes null and void.

(3) The State may no longer seek or present testimony from either doctor in their expert capacity. Failure to disclose bars their use as experts now.

The petitioner demonstrated, through the state provided record, each element of plain error. Even the respondent provides the writ of habeas corpus is a "guard against extreme malfunction in the state criminal justice system. (Doc #7/PG 30). On multiple occasions respondent told you this case had been adjudicated on the merits in state court proceedings. The facts prove this to be a false presumption.

"The liberal construction requirements afforded to pro se litigants carry particular weight in habeas proceedings given the vital role the writ plays in protecting constitutional rights." Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

SCOTUS further holds such claims can be dismissed for failure to state a claim only if it appears the pro se petitioner can prove no set of facts supporting his claim which entitles him to relief.

(10)

Erickson v. Pradus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

Plain error affecting a substantial right seriously affecting the fairness, integrity or public reputation of judicial proceedings should be corrected on review. No exceptions to the hearsay rule applies in this case. Even if there were such a claim made, exceptions to the hearsay rule are not automatic exceptions to the confrontation clause.

The record conclusively shows material facts were not adequately developed, the merits of the case never reached. The suppression hearing was neither full or fair. It cannot be reasonably argued otherwise. Based upon these facts and Rule 52(b), it is within this court's discretion to grant summary judgement in this cause in Mr. Nichols' favor, overturning his conviction and vacating the sentence. I humbly ask this court for such favorable consideration, issuing the writ is warranted.

(11)

OATH

THE FACTS PRESENTED IN THIS MOTION ARE TRUE AND CORRECT, HAVING BEEN FAIRLY REPRESENTED AND CITED FROM THE RECORD ON REVIEW SUBMITTED BY AND REVIEWED IN STATE COURT PROCEEDINGS.

RESPECTFULLY SUBMITTED

*Marion K. Nichols*

MARION KEITH NICHOLS
PETITIONER, PRO SE

(12)

CERTIFICATE OF SERVICE

THE FOREGOING MOTION FOR SUMMARY JUDGEMENT WAS SUBMITTED TO STAFF AT FRANKLIN CORRECTIONAL INSTITUTION ON THIS ___ DAY OF DECEMBER 2025, TO BE MAILED BY UNITED STATES POSTAL SERVICE TO: UNITED STATES DISTRICT COURT, 300 NORTH HOGAN STREET, SUITE 9-150, JACKSONVILLE, FL. 32202-4271 AND MICHAEL B. MCDERMOTT, OFFICE OF THE ATTORNEY GENERAL, PL-01 - THE CAPITOL, 400 SOUTH MONROE STREET, TALLAHASSEE, FL. 32399-1050

*[signature]*

MARION KEITH NICHOLS
DOC # G40173
FRANKLIN CI
1760 HIGHWAY 67 NORTH
CARRABELLE, FL. 32322-2157

*[Stamp: PROVIDED TO FRANKLIN CI MAIN UNIT DEC 0 1 2025 FOR MAILING INMATE INITIALS]*

(13)

MARION K.
FRANKLIN C I
1760 HIGHWAY 67 NORTH
CARRABELLE, FL, 32322-2157

UNITED STATES DISTRICT COURT
300 NORTH HOGAN STREET
SUITE 9-150
JACKSONVILLE, FL,

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION